NO. 07-00-00432-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 7, 2001

______________________________

RICHARD ALAN MARSCHNER,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 122
ND
 DISTRICT COURT OF GALVESTON COUNTY;

NO. 99CR2110; HON. I. ALAN LERNER, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Richard Alan Marschner
 (appellant) appeals his conviction for driving while intoxicated and contends, through his single point of error, that the evidence was legally insufficient to uphold the jury’s verdict of guilty.  Nothing is said about the factual sufficiency of the evidence.   We affirm.

Point One – Legal Sufficiency

Standard of Review

In considering the legal sufficiency of the evidence, the court views the relevant evidence, both circumstantial and direct, in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. 
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); 
King v. State
, 29 S.W.3d 556, 562 (Tex.Crim.App.2000).
   This, however, does not permit the court to sit as a thirteenth juror.  
Moreno v. State
, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).  Rather, the reviewing court merely acts to safeguard due process and to ensure the rationality of the fact-finder’s verdict.  
Teer v. State
, 923 S.W.2d 11, 17 (Tex.Crim.App.1996).

Application of Standard

According to appellant, the State failed to present legally sufficient evidence establishing that his mental and physical faculties were impaired due to the ingestion of alcohol.  That is, appellant does not argue that he was not intoxicated.  Rather, he believes that the State failed to prove his intoxication was “due to the introduction of 
alcohol
 into [his] body.”  (Emphasis in original).  We disagree and overrule the point.  

Appearing of record is evidence that appellant’s eyes were bloodshot and “droopy,” his speech was slurred, and the inside of his automobile smelled of 
alcohol
.  So too is there evidence that he failed the various sobriety tests given him by a police officer prior to  arrest.  According to the officer, the failure to pass the tests indicated that appellant had a “blood 
alcohol
 content” of .08 or more and that his mental and physical faculties were impaired.  (Emphasis added).   Finally, in speaking with the arresting officers, appellant admitted that he had drank two or three glasses of wine (an alcoholic beverage).  Viewing this evidence in a light most favorable to the verdict, we hold that it constitutes some evidence upon which a fact-finder could rationally conclude, beyond reasonable doubt, that appellant was intoxicated due to the ingestion of 
alcohol
.

Accordingly, we overrule appellant’s point of error and affirm the judgment.

Brian Quinn

    Justice

Do not publish.